IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

|  |  |  |
|---|---|---|
| WALLIE SCOTT,  <br>  Plaintiff,  <br>v.  <br>LIZNA ODHWANI  <br>  Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 3:21CV00003  <br>**MEMORANDUM OPINION**  <br>By: Hon. Glen E. Conrad  <br>Senior United States District Judge |

Plaintiff Wallie Scott, proceeding pro se, commenced this action by filing a complaint against defendant Lizna Odhwani. The plaintiff has not paid the filing fee but will be granted leave to proceed in forma pauperis for purposes of initial review of his complaint. For the following reasons, the court concludes that the case must be dismissed for lack of subject matter jurisdiction, pursuant to Federal Rule of Procedure 12(h)(3), and for seeking monetary relief against a defendant immune from suit, under 28 U.S.C. § 1915(e)(2)(B)(iii).

## Background

Scott alleges in his complaint that he is "disabled by Social Security A laws" and received disability payments between 2013 and 2016. Compl. at 3, ECF No. 2. Scott asserts that he stopped receiving disability payments in 2016 after he "was told that [his] condition had improved which isn't true." Id. Scott alleges that he suffers from anxiety, depression, spinal nerve damage, degenerative disc disease, and peripheral nerve damage. Id. The complaint appears to seek to recover the Social Security benefits Scott allegedly stopped receiving in 2016. Id.

## **Standard of Review**

Pursuant to Federal Rule of Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). Federal courts have subject matter jurisdiction through 28 U.S.C. §§ 1331 and 1332. Arbaugh v. Y&H Corp., 546 U.S. 500, 513 (2006). A plaintiff invokes federal question jurisdiction under § 1331 by pleading a claim "arising under" the Constitution or laws of the United States. Id. A plaintiff invokes diversity of citizenship jurisdiction under § 1332 by pleading a claim between parties of diverse citizenship exceeding the requisite $75,000 amount in controversy requirement. Id. The plaintiff bears the burden of proving subject matter jurisdiction. Demetres v. E.W. Constr. Inc., 776 F.3d 271, 272 (4th Cir. 2015).

Moreover, under 28 U.S.C. § 1915(e), which governs in forma pauperis proceedings, the court has a mandatory duty to screen initial filings. Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656–57 (4th Cir. 2006). The court must dismiss a case "at any time" if the court determines that the complaint (1) "is frivolous or malicious," (2) "fails to state a claim on which relief may be granted," or (3) "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Finally, the court notes that pro se pleadings are to be construed liberally. See, e.g., Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, as with all plaintiffs, a pro se plaintiff must "demonstrate more than a sheer possibility that a defendant has acted unlawfully," and "articulate facts that, when accepted as true, demonstrate he has stated a claim entitling him to relief." Hodge v. Gansler, 547 F. App'x 209, 210 (4th Cir. 2013) (quotation marks omitted).

## Discussion

Scott's complaint specifies diversity of citizenship jurisdiction as the basis for federal court jurisdiction. Compl. at 2. The complaint also states, however, that both Scott and Odhwani are citizens of Virginia. Id. at 3. The parties therefore do not have diversity of citizenship and the court lacks subject matter jurisdiction under 28 U.S.C. § 1332. See Arbaugh, 546 U.S. at 513. Moreover, Scott's complaint does not assert any claims arising under the Constitution or laws of the United States, meaning the court also lacks federal question jurisdiction under 28 U.S.C. § 1331. See id. Indeed, pursuant to 42 U.S.C. § 405(h), a plaintiff may not bring a claim under 28 U.S.C. § 1331 based on the denial of Social Security benefits. See 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee thereof shall be brought under section 1331 . . . of title 28 to recover on any claim arising under this subchapter."). Finally, to the extent that Odhwani is an employee of the Social Security Administration, she is immune from suits for money damages. Schweiker v. Chilicky, 487 U.S. 412, 414 (holding that the improper denial of Social Security disability benefits by government officials administering the federal Social Security program does not give rise to a cause of action for money damages against those officials) ; see also Allen v. Wills, No. 3:10cv00051, 2010 WL 4027788, at *2 (W.D. Va. Oct. 14, 2010) (Moon, J.) (finding it "abundantly clear" that the defendant Social Security Administration hearing officer "perform[ed] an adjudicative role" and was thus immune from plaintiff's claims for damages). Therefore, the court concludes that the complaint must also be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) for "seek[ing] monetary relief against a defendant who is immune from such relief.

**Conclusion**

For the reasons stated, the complaint (ECF No. 2) shall be **DISMISSED WITHOUT PREJUDICE**.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff and all counsel of record.

DATED: This 25th day of February, 2021.

                                                          Senior United States District Judge